%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RIVERA, REYNALDO

## DEFENDANTS
CITY OF PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF PATRICK G. GECKLE, LLC,  1845 Walnut Street, Ste. 2300, Phila. PA 19103 - 215-735-3326

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1983
Brief description of cause:
Plaintiff was denied his constitutional and statutory rights.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 250,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 6/3/2011
SIGNATURE OF ATTORNEY OF RECORD
Patrick G. Geckle, Esq.

FOR OFFICE USE ONLY
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __4524 Rising Sun Avenue, Philadelphia, PA 19140__

Address of Defendant: __Claims Unit, One Parkway Bldg., 1515 Arch Street, 14th Floor, Philadelphia, PA 19102-1595__

Place of Accident, Incident or Transaction: __4524 Rising Sun Avenue, Philadelphia, PA 19140__
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☒

Does this case involve multidistrict litigation possibilities?  Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, __Patrick G. Geckle__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __June 3, 2011__    _[signature]_    __26718__
Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __June 3, 2011__    _[signature]_    __26718__
Attorney-at-Law    Attorney I.D.#

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

REYNALDO RIVERA                             : CIVIL ACTION
                                            :
         v.                                 :
                                            :
CITY OF PHILADELPHIA                        : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )


| 6/3/2011 | Patrick G. Geckle | Reynaldo Rivera. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-735-3326 | 215-735-4712 | pgeckle@pgglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REYNALDO RIVERA                           :
4524 Rising Sun Avenue                    :
Philadelphia, PA 19140                    :
                                          :
     vs.                                  :
                                          :
CITY OF PHILADELPHIA                      : Civil Action No.
c/o City of Philadelphia Law Department   :
Claims Unit, One Parkway Building         :
1515 Arch Street, 14th Floor              :
Philadelphia, PA 19102-1595               : JURY TRIAL DEMANDED
     and                                  :
POLICE OFFICER JOSE CARTAGENA             :
BADGE NUMBER 4206                         :
Individually and as a police officer      :
for the City of Philadelphia              :
c/o City of Philadelphia Law Department   :
Claims Unit, One Parkway Building         :
1515 Arch Street, 14th Floor              :
Philadelphia, PA 19102-1595               : Attorney ID# 26718
     and                                  :
POLICE OFFICER JASON CZARNECKI            :
BADGE NUMBER 5129                         :
Individually and as a police officer      :
for the City of Philadelphia              :
c/o City of Philadelphia Law Department   :
Claims Unit, One Parkway Building         :
1515 Arch Street, 14th Floor              :
Philadelphia, PA 19102-1595               :
     and                                  :
POLICE OFFICER ANDREW FRYSIEK             :
BADGE NUMBER 6858                         :
Individually and as a police officer      :
for the City of Philadelphia              :
c/o City of Philadelphia Law Department   :
Claims Unit, One Parkway Building         :
1515 Arch Street, 14th Floor              :
Philadelphia, PA 19102-1595               :
     and                                  :
POLICE OFFICER JAMES MULHOLLAND           :
BADGE NUMBER 1945                         :
Individually and as a police officer      :
for the City of Philadelphia              :
c/o City of Philadelphia Law Department   :
Claims Unit, One Parkway Building         :

```
1515 Arch Street, 14th Floor          :
Philadelphia, PA 19102-1595           :
          and                         :
JOHN DOE(S) 1 through 10              :
Police Officers, Supervisors,         :
Trainers, Instructors, Employees,     :
Agents and/or Servants of the         :
City of Philadelphia and/or           :
Philadelphia Police Department,       :
Individually, Jointly, Severally      :
and/or in the Alternative             :
```

## COMPLAINT

### Jurisdiction

1.   This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate state law claims.

### Parties

2.   Plaintiff, Reynaldo Rivera ("Mr. Rivera"), is an adult individual who resides at 4524 Rising Sun Avenue, Philadelphia, Pennsylvania, 19140.

3.   Defendant, City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendants, Police Officers Jose Cartagena, Jason Czarnecki, Andrew Frysiek, James Mulholland, and John Doe(s) 1 through 10.

4.   Defendant, Police Officer Jose Cartagena ("Cartagena"), Badge Number 4206, is a police officer for the Philadelphia Police Department acting under color of state law. He is being sued in his individual and official capacity.

5.   Defendant, Police Officer Jason Czarnecki ("Czarnecki"), Badge Number 5129, is a police officer for the Philadelphia Police Department acting under color of state law. He is being sued in his individual and official capacity.

6.   Defendant, Police Officer Andrew Frysiek ("Frysiek"), Badge Number 6858, is a police officer for the Philadelphia Police Department acting under color of state law. He is being sued in his individual and official capacity.

7.   Defendant, Police Officer James Mulholland ("Mulholland"), Badge Number 1945, is a police officer for the Philadelphia Police Department acting under color of state law. He is being sued in his individual and official capacity.

8.   Defendant John Doe(s) 1 through 10 being fictitious names, were police officers, supervisors, trainers, instructors, employees, agents and/or servants of the City of Philadelphia and/or the Philadelphia Police Department, and otherwise performed or engaged in conduct incidental to the

performance of their lawful functions in the course of their duties as police officers. These Defendants are being sued in their individual and official capacities.

9.  At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Plaintiff, Mr. Rivera, of his constitutional and statutory rights as hereinafter described.

### Factual Allegations

10.  On or about June 4, 2009 at approximately 10:00 p.m., Plaintiff, Mr. Rivera, was at home watching television in his living room. Mr. Rivera was roused from his position watching television to a loud knock at his front door. When Mr. Rivera opened the front door there were Philadelphia Police Officers on his front porch. The Police Officers told Mr. Rivera they were responding to a report of gunshots being fired at/in his residence. In fact, the police officers had responded to the wrong address.

11.  Plaintiff, Mr. Rivera, told the Police Officers on the porch that there were no gunshots. Plaintiff's wife then came to the door and asked Mr. Rivera about the Police presence on their porch. Mr. Rivera explained that they were responding to a report of gunshots. Plaintiff's wife said there were no gunshots. Mr. Rivera also, said there were no gunshots and went to close the door. In fact, the police officers had gone to the wrong house. Police radio tapes

disclose that the report of gun shots fired was actually made for an apartment located at 5424 Rising Sun Avenue, not Plaintiff's address which was 4524 Rising Sun Avenue.

12. A Police Officer pushed against the door, breaking it. The Police Officers told Mr. Rivera they needed to come in to check the house. The Police Officers did not get into the house to investigate the possible gunshots. Instead, Mr. Rivera came out on the porch, in just pants or shorts, and was angry about the door and his treatment by the Police Officers.

13. Now at this point according to Defendant, Officer Cartagena, he and Officer Czarnecki moved their car around to the front of the house and started to get out. They had been behind the home in case someone tried to run out the back of the home.

14. Officer Cartagena was told by Defendant, Officer Mulholland, that the report of gunshots was unfounded. Officer Cartagena, like the rest of the Officers present, started to move away from the home and get in their vehicles to leave. While the Officers were moving away, Mr. Rivera, still angry at his treatment and broken door, continued to yell at the Police Officers. He never threatened or became combative, but merely aired his frustration with the Officers.

15. Officers Cartagena and Czarnecki got out of their

vehicle and approached Mr. Rivera. Defendant Police Officer Cartagena approached Mr. Rivera with his ASP out. Officer Cartagena with his ASP baton in hand told Mr. Rivera to get back in his house or he would taser him. At this point Mr. Rivera turned toward his home. Officer Cartagena fired his taser, with at least one barb striking Mr. Rivera in the abdomen.

16. Mr. Rivera stumbled and fell back into his home because of the taser blast. Officers Cartagena followed Mr. Rivera back into his home. Mr. Rivera was beaten by Officer Cartagena with fists, batons, and/or a blunt weapon. He was also kicked. Mr. Rivera suffered blows to his face, mouth, arms, shoulders, back, and legs. In addition, Officers Czarnecki, Mulholland, Frysiek, and Police Officers John Doe 1 through 10 followed Officer Cartagena into Plaintiff's home and began beating him or in the alternative did nothing to stop the beating.

17. At the time of this incident the Philadelphia Police Department was operating under Directive 22. Under Directive 22 of the Philadelphia Police Department, Police Officers are required to intervene when another Officer is utilizing excessive force against a citizen and the force is no longer required. Defendant Police Officers John Doe(s) 1 through 10, Mulholland, Frysiek, and Czarnecki should have intervened in Officer Cartagena's or any other Defendant

Police Officer's use of excessive force against Mr. Rivera.

19. Prior to Defendant's, Police Officer Cartagena, use of his taser weapon; Mr. Rivera was either turning to return to his home or to address another Police Officer on the scene. Mr. Rivera did not physically resist the Defendant Police Officer or act in a combative or threatening manner toward the Defendant Police Officers.

19. Under Philadelphia Police Department Directive 22, taser weapons are to assist in effecting arrest. They are not to be used at random, to gain compliance, for the dispersal of non-violent persons, or where people are exercising their Constitutional Rights of free speech. At the point when Defendant Police Officer Cartagena utilized his taser Mr. Rivera was not under arrest, was non-violent, and was merely expressing his anger over his broken door and treatment by police.

20. Defendant Police Officer Cartagena used the taser weapon for dispersal purposes and to gain compliance. Police Officer Cartagena wanted Mr. Rivera to be quiet and go back in his house. Therefore the taser was not utilized to overcome resistance to arrest or prevent Mr. Rivera from escaping arrest.

21. Philadelphia Police Department Directive 22 establishes a force continuum. There were at least four police officers on the scene if not more. Defendant Police

Officer Cartagena explained in an earlier proceeding that there was a good presence of police officers because of the reported gun shots. The force continuum requires an individual officer to determine the amount of force necessary based on presence of police officers, the use of warnings and persuasion, and hands-on techniques. Defendant Police Officer Cartagena went from verbal commands to non-lethal force, which is the last step before deadly-force on the force continuum.

22. Philadelphia Police Department Directive 22 also addresses an Officer's use of their police baton. Prior to a revision in the year 2000, baton strikes to the face and head were akin to the use of deadly force. After 2000, Directive 22 has a blanket ban on baton strikes to the face, head, and chest. Under Directive 22, an ASP weapon is to be used as a defensive weapon and not an offensive weapon. At the time the Officer or Officers utilized their batons it was to subdue a non-violent citizen that had just been tasered. According to Defendant Police Officer Cartagena, he pummeled the Plaintiff for five minutes.

23. Defendant Police Officers Czarnecki, Mulholland, Frysiek, and John Doe(s) 1 through 10; should have prevented Defendant Police Officer Cartagena's use of the taser weapon and ensuing use of excessive force.

24. Mr. Rivera was handcuffed and taken to Episcopal

Hospital for treatment. After receiving treatment he was taken to the 25th District headquarters for processing. Plaintiff was charged with aggravated assault, simple assault, recklessly endangering another person, resisting arrest, disorderly conduct (which got changed to disorderly conduct engaged in fighting), and harassment.

25. On or about May 23, 2011, all the charges against Mr. Rivera were *nolle prossed*, which is a determination in favor of Mr. Rivera. Meanwhile, Mr. Rivera had been subjected to arrest and court proceedings and incurred attorney fees, based on charges that were eventually dropped.

26. At no time did Plaintiff Reynaldo Rivera do anything which violated any laws of the Commonwealth of Pennsylvania or any ordinance of the City of Philadelphia. The charges filed against him were filed maliciously, recklessly and with deliberate indifference to his constitutional rights.

27. The unlawful arrest and use of unreasonable force in this case, is an example of the Defendants' pattern, practice and custom of subjecting citizens such as Plaintiff, Mr. Rivera, to unreasonable force, arrest and prosecution in the absence of probable cause.

28. Based on the aforementioned acts and conduct, it is clear that Defendant Police Officers Cartagena, Czarnecki, Frysiek, Mulholland, and John Doe(s) 1 through 10 acted

willfully, deliberately, maliciously, and with reckless disregard for the constitutional and statutory rights of Mr. Rivera.

29. Defendant City of Philadelphia, as a matter of policy, practice, and/or custom, has with deliberate indifference failed to adequately discipline, train, supervise, or otherwise direct police officers, including Defendant Police Officers Cartagena, Czarnecki, Mulholland, Frysiek, and John Doe(s) 1 through 10, in the proper use of force, specifically the use of taser and baton weapons, thereby causing the Defendant Police Officers to engage in the unlawful, excessive, and reckless use of force described above. Or in the alternative, standby while a fellow officer utilized excessive force that the situation did not require.

30. Defendant City of Philadelphia, as a matter of policy, practice, and/or custom, has with deliberate indifference failed to conduct proper, adequate, and meaningful investigations of the use of force, including the use of taser and baton weapons, and complaints about the use of unreasonable force against civilians by police officers, thereby causing and encouraging police officers, including Defendants Cartagena, Czarnecki, Mulholland, Frysiek, and John Doe(s) 1 through 10, to engage in the unlawful conduct described above.

31. The failure of the Defendant City of Philadelphia,

with deliberate indifference, to provide adequate training, supervision, and discipline regarding the proper use of force, specifically taser and baton weapon use, was a proximate cause and substantial factor in the Plaintiff, Mr. Rivera, being subjected to excessive force by Defendants Caragena, Czarnecki, Mulholland, Frysiek, and John Doe(s) 1 through 10.

32.  As a direct and proximate result of the aforementioned acts and conduct of the Defendants, Mr. Rivera sustained physical injuries, psychological harm, and possibly other injuries causing him pain and suffering.

### FIRST CAUSE OF ACTION
### FEDERAL CIVIL RIGHTS VIOLATIONS

33.  Plaintiff incorporates by reference paragraphs 1 through 32 of the instant Complaint.

34.  As a direct and proximate result of all of the Defendants' conduct, committed under color of state law, Plaintiff, Mr. Rivera was deprived of his right to be free from unreasonable search and seizure; to be free from the unreasonable use of excessive force; unlawful arrest; malicious prosecution; and to be secure in his person and property.  As a result, Mr. Rivera suffered and continues to suffer harm, losses, damages, and injury in violation of his rights under the laws of the Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

35. As a direct and proximate result of the acts of all Defendants, Mr. Rivera sustained physical injuries, emotional distress, psychological harm, pain, suffering and loss of liberty; all to his detriment and harm.

36. Defendant, City of Philadelphia, has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. The use of unreasonable force, specifically the unlawful use of taser and baton weapons.

    b. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force, unlawful arrest, malicious prosecutions, and violation of citizens' free speech rights, particularly in connection with perceived challenges to police authority;

    c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

    d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal

       complaints of misconduct;

   e. Police officers' use of their status as police officers to employ the use of excessive force and unlawful arrest to achieve ends not reasonably related to the police duties;

   f. Police officers' use of the authority and power of their office for personal ends and to intimidate, coerce, and threaten citizens; and

   g. The failure of police officers to follow established policies, procedures, directives, and instructions regarding the use of force and arrest powers under such circumstances as presented herein.

37. The City of Philadelphia failed to properly sanction or discipline officers, who were aware of, conceal, and/or aid violations of constitutional rights of citizens by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the Defendant officers in this case, to violate the rights of citizens such as Mr. Rivera.

38. Defendants have by the above described actions deprived Plaintiff, Mr. Rivera of rights secured by the Fourth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff requests the following relief:

   a. Compensatory damages;

    b.    Punitive damages;

    c.    Reasonable attorney's fees and costs;

    d.    Such other and further relief as appears reasonable and just; and

    e.    A jury trial as to each Defendant and as to each count.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

39. Plaintiff incorporates by reference paragraphs 1 through 38 of the instant Complaint.

40. The acts of the individual Defendants in this cause of action constitute assault, battery, false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff requests the following relief:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    Reasonable attorney's fees and costs;

    d.    Such other and further relief as appears reasonable and just; and

e. A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

By: /s/ Patrick G. Geckle

Patrick G. Geckle,
Attorney I.D. No.: 26718
Michael Cortese,
Attorney I.D. No.: 307720
PATRICK G. GECKLE, LLC
1845 Walnut St., Ste. 2300
Philadelphia, PA 19103
(215) 735-3326
E-Mail: pgeckle@pgglaw.com
         mcortese@pgglaw.com
Counsel for Plaintiff